**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————

ALEXANDER WOHL,

                                        Plaintiff,

            vs.                                                    1:23-cv-1276
                                                                   (ECC/DJS)

VAIL RESORTS, INC. and VAIL RESORTS
MANAGEMENT COMPANY,
                                        Defendants.

———————————————————————

**Appearances:**

Andrew J. Smiley, Esq., *for Plaintiff*
Steven M. Zweig, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Alex Wohl filed this diversity action under New York law against Defendants Vail

Resorts, Inc. and Vail Resorts Management Co. (together Vail Resorts) alleging that Defendants'

negligence caused him to suffer permanent injuries in a skiing accident in December 2022.

Presently before the Court is Defendants' motion for summary judgment. Dkt. No. 22. The motion

is fully briefed. Dkt. Nos. 22-2, 25, 28, 38. For the following reasons, Defendants' motion is

denied.

## I.     BACKGROUND[1]

Vail Resorts "operates through its subsidiaries . . . that . . . operate ski resorts, including

---

[1] The following facts are drawn from the Defendants' statement of material fact, (Def. SOMF),
Dkt. No. 22-1, where admitted by the Plaintiff, and the Plaintiff's response, (Pl. Resp.), and
counterstatement, (Pl. CSOMF), Dkt. No. 33, to the extent those facts are well-supported by
citations to the record, and other portions of the record. Disputes are noted.

Hunter Mountain" Answer ¶ 10 Dkt. No. 8, and "indirectly owns" both the real property and fixtures at Hunter Mountain, *id.* at ¶ 9. On December 20, 2022, Plaintiff was skiing on Hunter's East Side Drive trail, an expert level black diamond trail, Pl. CSOMF ¶ 1; Def. SOMF ¶ 2. Although Plaintiff started skiing when he was "a very small child" and had skied over one hundred times, Def. SOMF ¶ 1, this was Plaintiff's first run of the season. Pl. CSOMF ¶ 3.[2] Shortly after Plaintiff began, he fell, slid into a wooden fence, Def. SOMF ¶ 3; Wohl Decl. ¶ 2, Dkt. No. 25-2, and was "rendered quadriplegic." Pl. CSOMF ¶ 1; Wohl Decl. ¶ 1.[3] The fence was at least 36 years old, Pl. CSOMF ¶ 5, unpadded, and wooden, Exh. 1 to Peitler Decl. at 18, Dkt. No. 22-6. Behind the fence was snowmaking equipment, a small amount of snow, and then the tree line. Exh. 1 to Peitler Decl. at 18; *see* Rod Decl. ¶ 5, Dkt. No. 22-4.

The parties disagree about whether the fence was on or off the ski trail. Plaintiff states that it was "on the left side of the trail." Wohl Decl. ¶ 2. His expert, relying on photographs, describes the fence as "right on the trail," with the "surface of the trail go[ing] directly into the wooden fence," because "any portion of the ski trail that is in front of the trees and trimline" is "on the trail" and is "skiable terrain," unless "otherwise marked by ropes." Gale Decl. at ¶¶ 16–19, Dkt. No. 25-4. Defendants, on the other hand, offer evidence that that the fence was off-trail including declarations from Hunter Mountain employees that the fence was "located off-trail," Rod Decl. ¶ 4, "off the terrain that is maintained for skiing," Peitler Decl. ¶ 4, Dkt. No. 22-5, "behind the

---

[2] Defendants deny knowledge of this fact, but this is irrelevant given that the facts are viewed in the light most favorable to Plaintiff, and record evidence supports this fact. *See Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

[3] Defendants deny knowledge of this fact, but this is irrelevant given that the facts are viewed in the light most favorable to Plaintiff, and record evidence supports this fact. *See Dallas Aerospace, Inc.*, 352 F.3d at 780.

edge of groomed terrain, in an area that is never groomed," and that "[d]ue to the trees, forest growth, and steep drop-off behind the fence, the area behind the fence cannot be skied."  Rod Reply Decl. ¶ 3, Dkt. No. 28-1.[4]  Defendants also claim that Plaintiff made judicial admissions that the fence was off-trail.  *See* Interrogatories ¶ 12 (stating that "an unpadded and unprotected hard and reinforced wood structure . . . was on the side of the ski trail known as East Side Drive"), Dkt. No. 22-3; Compl. ¶ 19 (stating that "there were man-made wooden barriers placed in the vicinity of the 'East Side Drive' ski trail"), Dkt. No. 4; Civil Case Management Plan ¶ 11 (claiming that "[t]he bases of plaintiff's claims are the negligent placement of man-made objects right off a ski trail"), Dkt. No. 12.



---

[4] Plaintiff has requested that this and other evidence submitted with Defendants' reply should be struck, relying on *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (noting that it is "plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden.").  This request is denied because Plaintiff, who filed a sur reply and a supplemental declaration from his expert, suffered no prejudice.  *See id.* (declining to strike reply evidence where the non-offending party "suffered no prejudice because it has submitted a [sur reply]" and provided additional evidence).

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  A fact is material if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*).  The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (explaining that summary judgment is appropriate where the nonmoving party fails to "'come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on' an essential element of a claim") (quoting *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010)).

If the moving party meets this burden, the nonmoving party must "set forth specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see Celotex*, 477 U.S. at 323–24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."

4

*Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).  Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (citing *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)).

Further, "mere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)) (cleaned up).  Even "a party's declaration will not create a material issue of fact in those rare cases where it is 'blatantly contradicted by the record, so that no reasonable jury could believe it.'" *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 51 (2d Cir. 2022) (quoting *Scott v. Harris*, 550 U.S. 372, 380, (2007)).  In addition, "'when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Linton v. Zorn*, 135 F.4th 19, 30 (2d Cir. 2025) (quoting *Scott*, 550 U.S. at 381) (cleaned up).

## III.   DISCUSSION

The Complaint alleges a negligence claim under New York law against Defendants. Compl. ¶¶ 22–29.  Where "jurisdiction is based upon diversity, the court must apply the substantive law of the forum state." *Rich v. Tee Bar Corp.*, No. 1:10-cv-1371 (MAD/CFH), 2013 WL 316154, at *4 (N.D.N.Y. Jan. 28, 2013) (citing *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994)).  Defendants move for summary judgment arguing that Plaintiff assumed the risk

of the accident.  Because there is a genuine issue of material fact about the fence's location, the motion is denied.

## A.    The Location of the Fence

Defendants argue that Plaintiff's personal declaration and his expert's opinion that the fence was on the trail does not create a genuine issue of material fact because: (1) Plaintiff made judicial admissions, Defendants' Memorandum of Law (Def. Memo.) at 15–16, Dkt. No. 22-2; (2) photographs of the fence show that it is beyond dispute that the fence is off the trail; Def. Mem. at 8, 14–15; Defendants' Reply Memorandum of Law (Def. Reply) at 8 n.3, 13 n.7, Dkt. No. 28; and (3) the Court should not consider Plaintiff's expert opinion because it is unreliable and conclusory, Def. Reply at 10–13.  Plaintiff responds that (1) he did not make judicial admissions and two of the claimed admissions do not contradict his position, Plaintiff's Response Memorandum of Law (Pl. Memo.) at 18–19, Dkt. No. 25, (2) the photographs support his position, Pl. Memo 6–7, and (3) Defendants have not shown that his expert testimony would be inadmissible, Plaintiff's Sur Reply Memorandum of Law (Pl. Reply) at 6, Dkt. No. 38.

"A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020).  For a statement to be a judicial admission "it must not only be a formal statement of fact but must also be intentional, clear, and unambiguous." *Id.* at 361.  "Judicial admissions are often found in pleadings and responses to requests for admission. *Basile v. Cnty. of Nassau*, No. 20-cv-576, 2023 WL 6930675, at *3 (E.D.N.Y. Oct. 19, 2023).

As an initial matter, two of the statements identified by Defendants are not unambiguous.

The statement that the fence was "on the side" of the trail, Interrogatories ¶ 12, may mean that it was toward one side of the trail and does not necessarily mean that the fence was off the trail or even at its edge.  The ambiguity in this statement is demonstrated by Plaintiff's use of similar language in his declaration.  *See* Wohl Decl. ¶ 2 (describing the fence as "on the left side of the trail").  Similarly, the statement that the fence was "in the vicinity" of the trail, Compl. ¶ 19, does not suggest that the fence was necessarily off the trail.

The statement in the Civil Case Management Plan that "[t]he bases of plaintiff's claims are the negligent placement of man-made objects right off a ski trail" is also not a judicial admission. First, it is not clear that this is a factual statement, rather than a summary of a legal argument.  But even if it were a factual statement, it is not intentional and clear.  *See In re Motors Liquidation Co.*, 957 F.3d at 360.  The case relied on by defendants, *Baltimore County v. AT & T Corp.*, 735 F.Supp.2d 1063, 1097 (S.D. Ind. 2010), is distinguishable and not binding.  The admission in that case management plan followed language, "[i]t is Defendants' position," *id.*, adding a level of intentionality and clarity that is not present here.  In addition, unlike pleadings and responses to interrogatories, case management plans are not signed or verified, showing a lack of intentionality. Finally, "[c]ase management plans are always subject to modification for good cause and with the judge's consent," *Huang v. Shanghai City Corp.*, No. 19-cv-7702, 2022 WL 2306870, at *4 (S.D.N.Y. June 27, 2022); *see* Fed. R. Civ. P. 16, further demonstrating that this was not an intentional admission.  For all of these reasons, the identified statements do not amount to judicial admissions for purposes of the pending motion.

Further, the photographs do not establish that the fence is at the tree line or marked as non-skiable terrain as a matter of law because they do not "blatantly contradict" Plaintiff's statement

that the fence was on the trail such that "no reasonable jury could believe it." *See Linton v. Zorn*, 135 F.4th 19, 30 (2d Cir. 2025). Moreover, this statement is supported by Plaintiff's expert's opinion that "any portion of the ski trail that is in front of the trees and trimline" is "on the trail" and is "skiable terrain," unless "otherwise marked by ropes." Gale Decl. ¶ 18.

As to the admissibility of Plaintiff's expert testimony, parties may rely on evidence to create a genuine dispute of material fact, so long as that evidence could be presented in a form that would be admissible. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Here, it is not clear that the evidence would not be admissible. At the outset, Plaintiff's expert has previously been qualified by another district court and a New York State court in separate matters.[5] *See Perrone v. Catamount Ski Resort, LLC*, No. 1:20-cv-563 (AMN/CFH), 2024 WL 2078664, at *6 (N.D.N.Y. May 9, 2024). Furthermore, for purposes of this motion, Plaintiff's expert's opinion that the fence was on-trail is not wholly conclusory because it relies on his extensive experience and visits to "hundreds of ski areas" to form an opinion about the boundaries of the trail. *See* Gale Decl. ¶ 18.

Defendants point to several reasons why a jury may conclude that the fence was off the trail or at its perimeter, but viewing the evidence in the light most favorable to the Plaintiff and resolving all ambiguities and reasonable inferences in his favor, Plaintiff has produced evidence sufficient to allow a reasonable jury to find for him. *See Dallas Aerospace, Inc. v. CIS Air Corp.*,

---

[5] Defendants presented evidence that Plaintiff's expert may have given contradictory testimony in other cases on a different issue. Def. Reply at 12. Even assuming that this is true, it may be useful as impeachment material, but it does not establish that his opinion could not be admissible. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).

352 F.3d 775, 780 (2d Cir. 2003).  Plaintiff has therefore raised a genuine dispute of fact about whether the fence was on or off the trail or at the trail's perimeter.

### B.    Assumption of the Risk

Defendants argue that the undisputed facts establish that Plaintiff assumed the risk of his injuries as an experienced skier on an expert trail who collided with an off-trail object "incidental to the provision or maintenance of a ski facility." Def. Mem. at 11–16.  Plaintiff responds that he did not assume the risk of colliding with an unpadded fence on the trail.  Pl. Mem. at 14–18.

Here, the location of the fence is a genuinely disputed  material fact.  Under New York law, the assumption of the risk doctrine provides that a participant in "'a sport accepts the dangers that inhere in it so far as they are obvious and necessary,'" unless "'the dangers inherent in the sport were obscure or unobserved, or so serious as to justify the belief that precautions of some kind must have been taken to avert them.'"  *Morgan v. State*, 90 N.Y.2d 471, 482–83 (1997) (quoting *Murphy v. Steeplechase Amusement Co.*, 250 N.Y. 479, 482–83 (1929) (Cardozo, C.J.)); *Grady v. Chenango Val. Cent. Sch. Dist.*, 40 N.Y.3d 89, 93–95 (2023).  As a result, a defendant owes no duty if a plaintiff assumed the risks inherent in a sport.  *See Morgan*, 90 N.Y.2d at 485 (noting that "assumption of risk in this form is really a *principle of no duty*").  Nonetheless, "participants will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks." *Id.* (cleaned up).  In determining whether a plaintiff assumed the risk, "awareness of risk is not to be determined in a vacuum . . . rather, [it is] to be assessed against the background of the skill and experience of the particular plaintiff." *Id.* at 486 (quotations omitted).

In the context of downhill skiing, a skier assumes "the usual risks inherent in that activity

(i.e., those that are known, apparent or reasonably foreseeable)." *Bishop v. State of New York,* 219 A.D.3d 994, 995 (3d Dep't 2023) (quotations omitted). This includes the risk of collision with "artificial objects that are incidental to the provision or maintenance of a ski facility." *Id.* (cleaned up). "Under New York's Safety in Skiing Code, the Legislature has determined that downhill skiing contains inherent risks that may result in personal injury." *Bodden v. Holiday Mtn. Fun Park Inc.,* 200 A.D.3d 1432, 1433 (3d Dep't 2021) (citation omitted); *see Fabris v. Town of Thompson,* 192 A.D.2d 1045, 1046, (3d Dep't 1993); N.Y. Gen. Oblig. Law § 18-101. As a result, there is "no duty to 'pad poles or fences, along the access lines to lifts or facilities located away from slopes and trails at the base of the outrun and beyond the limits of normal skiable terrain.'" *Basilone v. Burch Hill Operations Inc.*, 199 A.D.2d 779, 780 (3d Dep't 1993) (quoting *Nagawiecki v. State of New York*, 150 A.D.2d 147, 149 (3d Dep't 1989)). Nonetheless, New York courts, and federal courts applying New York law, have found that even advanced skiers do not assume the risk of all hazards located on a ski slope. *See Fabris*, 192 A.D.2d at 1045, 1046–47 (holding that "[i]f indeed the [fence] post was located on the ski trail, the [defendant] could be found to have failed to maintain its property in a reasonably safe condition," and so the "experienced intermediate" skier plaintiff had not assumed the risk "related to a man-made obstacle of this type within the confines of the ski trail"); *Good v. Peak Resorts, Inc.*, No. 1:19-cv-683 (GTS/CFH), 2022 WL 1555238, at *2, *24 (N.D.N.Y. May 17, 2022) (noting that "[m]ost crucially, however, is the dispute of material fact regarding whether [the "intermediate- or advanced-level snowboarder" plaintiff's] accident took place on the unloading ramp, on the trail, or off-trail. . . a disputed fact not able to be resolved on summary judgment."); *see also Madsen v. Catamount Ski Resort*, 165 A.D.3d 475, 475 (1st Dep't 2018) (holding that if "the unpadded pole was located on

the ski trail or in an area where skiing was permitted, then defendants could be found" liable);

*Basilone*, 199 A.D.2d at 780 (holding that if "the subject post was located on the ski trail" then

defendant could be liable); *Dailey v. Labrador Dev. Corp.*, 136 A.D.3d 1380, 1381 (4th Dep't

2016) (holding that if "snowmaking machine was on the ski trail" then defendant could be liable);

*Perrone*, 2023 WL 4586116, at *6 (holding that defendant could be liable if subject snow gun was

on trail).

Here, even though Plaintiff had extensive skiing experience, he may not have assumed the

risk of collision if the fence was on the trail, and there is a genuine dispute of material fact about

that issue.  The summary judgment motion is therefore denied.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion for summary judgment pursuant to Rule 56, Dkt. No.

22, is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on

the parties in accordance with the Local Rules.

Dated: September 15, 2025

_____
Elizabeth C. Coombe
U.S. District Judge